Linda Lye (CA SBN 215584)
llye@aclunc.org
Matthew T. Cagle (CA SBN 286101)
mcagle@aclunc.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
Tel: (415) 621-2493
Fax: (415) 255-8437

Patrick Toomey (admitted *pro hac vice*)
ptoomey@aclu.org
Anna Diakun (admitted *pro hac vice*)
adiakun@aclu.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500
Fax: (212) 549-2654

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO-OAKLAND DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA; AMERICAN CIVIL LIBERTIES UNION; AMERICAN CIVIL LIBERTIES UNION FOUNDATION, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF JUSTICE, <br><br> Defendant. | Case No. 4:17-cv-03571 JSW <br><br> DECLARATION OF ANNA DIAKUN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION AND CROSS-MOTION FOR SUMMARY JUDGMENT <br><br> Hearing Date: November 17, 2017 <br> Time: 9:00 a.m. <br> Location: Oakland U.S. Courthouse <br> Judge: Hon. Jeffrey S. White |

1    **I, ANNA DIAKUN, PURSUANT TO 28 U.S.C. § 1746, DECLARE AS FOLLOWS:**

2        1.      My name is Anna Diakun. I am counsel for Plaintiffs in the above-referenced

3    action. The information in this declaration is based upon my personal knowledge and if called

4    upon to testify, I could and would competently testify thereto.

5        2.      I submit this declaration in support of Plaintiffs' Opposition to Defendant's

6    Motion for Summary Judgment and Cross-Motion for Summary Judgment. Plaintiffs are the

7    American Civil Liberties Union of Northern California, the American Civil Liberties Union, and

8    the American Civil Liberties Union Foundation (together, the "ACLU").

9        3.      I am an attorney with the National Security Project at the ACLU. In my capacity

10   as an attorney, I work on issues pertaining to, among other things, privacy, technology, and

11   electronic surveillance.

12       4.      On February 6, 2017, Plaintiffs sent a Freedom of Information Act ("FOIA")

13   request to Defendant Department of Justice ("DOJ") seeking records related to the government's

14   official policy on the use of evidence obtained through secret surveillance and its duty to notify

15   individuals whose private communications the government has seized and searched. Plaintiffs

16   sought expedited processing of the request because the government's policies concerning when it

17   must disclose surveillance implicate the privacy interests of numerous Americans, who are often

18   unable to challenge the lawfulness of government searches without proper notice. This request is

19   particularly urgent because Section 702 of FISA, under which many of these searches are

20   conducted, is currently the subject of intense legislative and public debate. *See* 28 C.F.R.

21   §16.5(d)(1)(iv) (setting forth standards for granting expedited processing of FOIA requests). A

22   true and correct copy of the FOIA request is attached as Exhibit 1 to this declaration.

23       5.      By email dated February 10, 2017, DOJ, via its component National Security

24   Division ("NSD"), acknowledged receipt of the Request and assigned it reference number 17-

25   064. DOJ informed Plaintiffs that it had conducted a search and had located two responsive

26   records. The first record it identified was two-page cover memorandum, which DOJ withheld in

27   full pursuant to Exemption 5, specifically the deliberative process privilege and the attorney

28   work-product privilege, as well as Exemptions 6 and 7(c). The second record it identified was a

memorandum titled "Determining Whether Evidence is 'Derived From' Surveillance Under Title III or FISA." DOJ withheld this record in full pursuant to Exemption 5, specifically the deliberative process privilege and the attorney work-product privilege. DOJ did not invoke the attorney-client privilege as to either of these documents. A true and correct copy of NSD's February 10, 2017 email is attached as Exhibit 2 to this declaration.

6.     On February 22, 2017, Plaintiffs timely filed an administrative appeal from DOJ's decision. Plaintiffs challenged the adequacy of DOJ's search, its improper withholding of the records under Exemptions 5, 6, and 7(C), and its failure to segregate all non-exempt information in the records. A true and correct copy of Plaintiffs' February 22, 2017 administrative appeal is attached as Exhibit 3. On February 22, 2017, DOJ's Office of Information Policy ("OIP") acknowledged receipt of the appeal, assigning it tracking number DOJ-AP-2017-002487.

7.     On March 17, 2017, Sean R. O'Neill, Chief of the Administrative Appeals Staff at OIP, responded to the appeal, affirming on partly modified grounds. Mr. O'Neill stated that DOJ "properly withheld this information in full because it is protected from disclosure under the FOIA pursuant to" Exemptions 5, 6, and 7(c). Mr. O'Neill further stated that the documents were withholdable under Exemption 5 because they were protected by the attorney work-product privilege, but not the deliberative process privilege, as DOJ had previously asserted. A true and correct copy of DOJ's March 17, 2017 letter is attached as Exhibit 4.

8.     Plaintiffs filed this action on June 21, 2017. *See* ECF No. 1.

9.     Attached hereto as Exhibit 5 is a true and correct copy of Office of the Director of National Intelligence, 2016 Statistical Transparency Report (Apr. 2017), https://www.dni.gov/files/icotr/ic_transparecy_report_cy2016_5_2_17.pdf.

10.     Attached hereto as Exhibit 6 is a true and correct copy of Admin. Office of the U.S. Courts, Wiretap Report 2016, http://www.uscourts.gov/statistics-reports/wiretap-report-2016.

11.     Attached hereto as Exhibit 7 is a true and correct copy of Barton Gellman, Julie Tate & Ashkan Soltani, *In NSA-Intercepted Data, Those Not Targeted Far Outnumber the Foreigners Who Are*, Wash. Post, July 5, 2014, http://wapo.st/1mVEPXG.

12.     Attached hereto as Exhibit 8 is a true and correct copy of Zack Whittaker, *With a Single Wiretap Order, US Authorities Listened in on 3.3 Million Phone Calls*, ZDNet, June 30, 2017, http://www.zdnet.com/article/one-federal-wiretap-order-recorded-millions-phone-calls.

13.     Attached hereto as Exhibit 9 is a true and correct copy of DOJ, Revised FISA Use Policy as Approved by the Attorney General (Jan. 10, 2008), https://perma.cc/3WV2-9WZQ.

14.     Attached hereto as Exhibit 10 is a true and correct copy of Hearing Before the Subcommittee on Crime, Terrorism, and Homeland Security on H.R. 3179, 108th Cong. 14 (2004) (statement of Daniel Bryant, Asst. Att'y Gen., Office of Legal Policy), http://commdocs.house.gov/committees/judiciary/hju93715.000/hju93715_0f.htm.

15.     Attached hereto as Exhibit 11 is a true and correct copy of Charlie Savage, *Debate Brews Over Disclosing Warrantless Spying*, N.Y. Times, Sept. 30, 2014, https://www.nytimes.com/2014/10/01/us/debate-simmers-over-disclosing-warrantless-spying.html.

16.     Attached hereto as Exhibit 12 is a true and correct copy of 154 Cong. Rec. S335 (daily ed. Jan. 25, 2008) (statement of Sen. Kyl).

17.     Attached hereto as Exhibit 13 is a true and correct copy of DOJ Office of Legal Counsel, Applicability of FISA's Notification Provision to Security Clearance Adjudications (June 3, 2011), https://fas.org/irp/agency/doj/olc/fisa-clear.pdf.

18.     Attached hereto as Exhibit 14 is a true and correct copy of Adam Liptak, *A Secret Surveillance Program Proves Challengeable in Theory Only*, N.Y. Times, July 15, 2013, https://nyti.ms/2yxfh14.

19.     Attached hereto as Exhibit 15 is a true and correct copy of the relevant pages of Br. for Pets., *Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013) (No. 11-1025), 2012 WL 3090949.

20.     Attached hereto as Exhibit 16 is a true and correct copy of the relevant pages of Tr. of Oral Argument, *Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013) (No. 11-1025), https://www.supremecourt.gov/oral_arguments/argument_transcripts/2012/11-1025.pdf.

21.     Attached hereto as Exhibit 17 is a true and correct copy of Charlie Savage, *Door May Open for Challenge to Secret Wiretaps*, N.Y. Times, Oct. 16, 2013, https://nyti.ms/2tZDU3H.

22.     Attached hereto as Exhibit 18 is a true and correct copy of Charlie Savage, *Federal Prosecutors, in a Policy Shift, Cite Warrantless Wiretaps as Evidence*, N.Y. Times, Oct. 26, 2013, https://nyti.ms/2n9gb1p.

23.     Attached hereto as Exhibit 19 is a true and correct copy of Mem. in Opp. to Mot. to Compel Discovery, *Hasbajrami v. United States*, No. 1:13-cv-06852-JG (E.D.N.Y. Aug. 8, 2014), ECF No. 79.

24.     Attached hereto as Exhibit 20 is a true and correct copy of Sari Horwitz, *Justice Is Reviewing Criminal Cases that Used Surveillance Evidence Gathered under FISA*, Wash. Post, Nov. 15, 2013, http://wapo.st/177ZZi1.

25.     Attached hereto as Exhibit 21 is a true and correct copy of the Hearing to Consider the Nominations of John P. Carlin & Francis X. Taylor, 113th Cong. 25 (2014) (statement of John P. Carlin), https://www.intelligence.senate.gov/sites/default/files/hearings/CHRG-113shrg93212.pdf.

26.     Attached hereto as Exhibit 22 is a true and correct copy of *Organization, Mission and Functions Manual: National Security Division*, DOJ http://bit.ly/2fWYrlc.

27.     Attached hereto as Exhibit 23 is a true and correct copy of *Organization, Mission and Functions Manual: Criminal Division*, DOJ, http://bit.ly/2wpgmXO.

28.     Attached hereto as Exhibit 24 is a true and correct copy of DOJ, Memorandum re: Department Charging and Sentencing Policy (May 10, 2017), https://www.justice.gov/opa/press-release/file/965896/download.

29.     Attached hereto as Exhibit 25 is a true and correct copy of DOJ, Guidance Regarding § 851 Enhancements in Plea Negotiations (Sept. 24, 2014), https://www.justice.gov/oip/foia-library/ag_guidance_on_section_851_enhancements_in_plea_negotiations/download.

30.     Attached hereto as Exhibit 26 is a true and correct copy of Exhibit 1, Decl. of Mark A. Bradley, *ACLU v. DOJ*, 210 F. Supp. 3d 467 (S.D.N.Y. 2016) (No. 13 Civ. 7347 (GHW)), ECF No. 49-1.

31.     Attached hereto as Exhibit 27 is a true and correct copy of Decl. of Mark A. Bradley, *ACLU v. DOJ*, 210 F. Supp. 3d 467 (S.D.N.Y. 2016) (No. 13 Civ. 7347 (GHW)), ECF No. 49.

32.     Attached hereto as Exhibit 28 is a true and correct copy of *Organization, Mission and Functions Manual*, DOJ, https://www.justice.gov/jmd/organization-mission-and-functions-manual.

33.     Attached hereto as Exhibit 29 is a true and correct copy of *Sizing Up the Executive Branch—Fiscal Year 2016*, Office of Personnel Management at 4 (June 2017), https://www.opm.gov/policy-data-oversight/data-analysis-documentation/federal-employment-reports/reports-publications/sizing-up-the-executive-branch-2016.pdf.

34.     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 29th day of September in New York City, New York.


 */s/Anna Diakun   *

Anna Diakun

LOCAL RULE 5-1(i)(3) CERTIFICATION

I, Linda Lye, hereby attest in accordance with Local Rule 5-1(i)(3) that the signatory to this document has concurred in its filing.

Dated: September 29, 2017                    _____/s/ Linda Lye_____

                                                          Linda Lye